UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>     v.<br><br>SANTIAGO CONTRERAS OROZCO,<br><br>        Defendant. | No. CR-11-0150-FVS<br><br>ORDER DENYING DEFENDANT'S<br>MOTION FOR A NEW TRIAL |

**THIS MATTER** came before the Court on Defendant's motion for a new trial. (ECF No. 189). Defendant is represented by Philip Edward Nino. The United States is represented by Earl A. Hicks. This order is intended to memorialize and supplement the Court's oral ruling.

**STANDARD**

The Court may grant a new trial "if the interest of justice so requires." Fed.R.Crim.P. 33(a). A district court's authority to grant a new trial under Rule 33 is broader than its authority to grant judgment of acquittal under Rule 29. To begin with, "[t]he court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for

ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL - 1

itself the credibility of the witnesses." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000).  Furthermore, as the Ninth Circuit explained in *Kellington*:

> If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

217 F.3d at 1097 (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

**DISCUSSION**

**I.  Defendant's Request to Suppress Statements**

Defendant first argues he was not given a fair trial because the Court erred by denying his pretrial motion to suppress pre-arrest and post-arrest statements made by Defendant without the benefit of first being given *Miranda* warnings.  (ECF No. 190 at 2-3).

As the Court indicated in its pretrial order on Defendant's motion to suppress, Defendant was reasonably questioned following a brief *Terry* stop, the questions posed to Defendant following his arrest were appropriate for officer safety, and the statements given at the Columbia County Jail were made after Defendant had been advised of and waived his *Miranda* rights and were in response to routine booking questions.  (ECF No. 154).  There has been no change in the law or newly presented evidence with respect to this issue since the pretrial ruling was made.  The Court is persuaded that it did not err by deeming Defendant's pre-arrest and post-arrest statements admissible in this case.

ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL - 2

## II. Defendant's Request to Suppress Cell Phone

Defendant next asserts that he received an unfair trial by the Court denying his pretrial motion to suppress the cell phone discovered at the camp site. (ECF No. 190 at 3).

Although the Court determined in a pretrial order that Defendant's consent to search the camp was not valid, the Court appropriately concluded that officer safety justified a broad protective sweep, including a pat down of the coat hanging outside the tent. (ECF No. 154). The cell phone located in the pocket of the coat hanging outside the tent was properly seized to preserve evidence in the case. There has been no change in the law or newly presented evidence also with respect to this issue. The Court's denial of Defendant's motion to suppress the cell phone was not erroneous.

## III. Deputy Helm's Testimony of Right to Contact Consulate

Defendant lastly contends Deputy Helm's trial testimony that he informed Defendant he could notify his consulate was highly prejudicial because it communicated to the jury Defendant's illegal status. Defendant argues he was not given a fair trial as a result of this suggestion that Defendant was in the country illegally. (ECF No. 190 at 3-4).

Deputy Helm testified at trial that he read Defendant his rights in the Spanish language and then advised Defendant of his right to contact his consulate. The Court determined that the testimony of consulate notification did not connote an illegality in the country. It was a mere comment made during the officer's testimony, and the

ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL - 3

Court finds that an average juror would not understand the meaning of consulate notification.  There was no direct testimony presented which would cause the jury to conclude that Defendant was in the country illegally.  Deputy Helm's testimony did not create prejudice; therefore, Defendant was not given an unfair trial as a result of the consulate notification statement.

**CONCLUSION**

Defendant has not demonstrated a "serious miscarriage of justice" occurred in his case.  Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendant's motion for a new trial (**ECF No. 189**) is **DENIED**.

2.  Defendant shall be sentenced on **March 21, 2013 at 10:00 a.m. in Spokane, Washington**, as previously scheduled.  (ECF No. 184).

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish a copies to counsel.

**DATED** this ___4th___ day of January, 2013.


                         S/Fred Van Sickle
                        Fred Van Sickle
                Senior United States District Judge


ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL - 4