FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 07, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTIAGO CONTRERAS OROZCO,<br><br>    Defendant. | No. 2:11-CR-00150-SAB-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>**\*\*U.S. MARSHALS SERVICE ACTION REQUIRED\*\*** |

    Before the Court is Defendant's Motion to Reduce Sentence Under § 3582(c)(1)(A), ECF No. 321. The motion was heard without oral argument.[1] Defendant is represented by John B. McEntire. The United States is represented by Earl Hicks.

    On April 29, 2021, the Court sentenced Defendant to 10 years for Count 1, Manufacture of More than 1000 Marijuana Plants and 5 years for Count 2, Use or Carry a Firearm During Trafficking Crime. ECF No. 318. On the same day, the Court referred this matter to the Federal Defenders of Eastern District of

---

[1] The Court has determined that oral argument is not necessary. *See* LR7.1.

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1**

Washington and Idaho to review Defendant's file and file, if appropriate, a Motion for Compassionate Release. ECF No. 316.

Defendant now moves, pursuant to the First Step Act ("FSA"), for a reduction in his sentence based on "extraordinary and compelling reasons." The United States neither recommends nor objects to Defendant's motion. ECF No. 322. After reviewing the record and the parties' briefing, the Court grants Defendant's Motion.

## The First Step Act

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal alterations omitted). Compassionate release provides an exception to this general rule in extraordinary cases. See 18 U.S.C. § 3582(c). Prior to the enactment of the First Step Act in December 2018, only the Bureau of Prisons (BOP) could raise the issue of compassionate release. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Section 3582(c)(1)(A) now allows a federal prisoner to seek compassionate release after exhausting all administrative remedies with the BOP.

Section 3582(c)(1)(A) permits a court to reduce the term of imprisonment after considering the factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(c)(1)(A). Congress has not provided a statutory definition of "extraordinary and compelling reasons." *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). Instead, Congress instructed the United States Sentencing Commission that "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 2**

18, [it] shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id*. (citing 28 U.S.C. §§ 944(t); 944(a)(2)(C)). The Sentencing Commission's policy statement regarding reductions in a term of imprisonment is found at U.S.S.G. 1B1.13. This policy statement, however, has not been updated since the First Step Act amended § 3582(c)(1)(A). *Id.*

Consequently, the current version of U.S.S.G § 1B1.3 is not an applicable statement for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. *Id.* at 801. Because there is no "applicable" policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), this Court is free to consider any extraordinary and compelling reasons for release that Defendant may raise. *Id*. (citing *Untied States v. McCoy*, 981 F.3d 271, 281-84 (4th Cir. 2020)).

Given the unique facts presented by this case, the Court finds extraordinary and compelling reasons exist to grant Defendant's motion to reduce his sentence.[2]

1. **Changing Legal Landscape**

When Defendant was sentenced in April 2021, he no longer faced a 25-year mandatory minimum sentence. Even so, the mandatory minimum sentence of 15 years that Defendant was subject to is unusually long by today's standards. Since Defendant was prosecuted over ten years ago, society's attitude toward marijuana has drastically changed.

2. **Ten Years Custody**

Defendant has served almost 10 years in custody for his two convictions. During that time, he has not had any disciplinary actions. Defendant suffers from serious mental health disorders and received treatment during his incarceration. Further incarceration is not necessary and would be detrimental to Defendant's

---

[2] The United States has waived any challenge to the exhaustion requirement.

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 3

health.

3. **18 U.S.C. § 3553 factors**

The nature and circumstances of the crime, the need to avoid unwarranted sentencing disparities, and the history and characteristics of Defendant all indicate that an amended sentence of time served is sufficient but not greater than necessary to meet the goals and purpose of the criminal justice system. The Court is confident that Defendant has been adequately deterred and the public need not be further protected from him. Also, Defendant has tremendous support from his family and has presented the Court with a sufficient release plan.

## Conclusion

Defendant has served close to ten years in federal custody. The Court finds this is sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense and to provide an adequate deterrence to future criminal activity. As such, an Amended Judgment will be entered indicating a sentence of time served, five years supervised release, $100 special assessment for each count, and the fine is waived, with the same conditions of supervised release that were imposed at the April 29, 2021 sentencing.

//
//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 4**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Reduce Sentence Under § 3582(c)(1)(A), ECF No. 321, is **GRANTED**.
2. An Amended Judgment will be entered forthwith.
3. The United States Marshals Services is directed to release Defendant forthwith.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 7th day of June 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 5**